IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| Ubaldo Arriaga Ramirez, | ) | Case No. 0:18-cv-01846-DCC |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Larry Rabon, Stephen Hoey, Christopher Davis, Michael Bunnell, Lawrence Cross, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendants' Motions to Dismiss and for Summary Judgment. ECF Nos. 39, 46. Plaintiff filed Responses in Opposition, Defendant Rabon filed a Reply, and Plaintiff filed a Sur-Reply. ECF Nos. 44, 52, 53, 55. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On February 19, 2019, the Magistrate Judge issued a Report recommending that both Motions be granted. ECF No. 56. Plaintiff filed objections to the Report. ECF No. 58.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge provides a thorough recitation of the facts and the relevant legal standards, which the Court incorporates by reference. Plaintiff brings this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, 1346(b) and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and asserts a state law claim of medical malpractice. The Magistrate Judge found that Plaintiff failed to exhaust his administrative remedies with respect to his *Bivens* and FTCA claims. She further determined that he failed to file an affidavit of an expert witness as requested by South Carolina law to state a claim for professional negligence.

With respect to his *Bivens* claim, Plaintiff contends that he exhausted his administrative remedies. However, upon review of the record and the applicable law, the Court agrees with the Magistrate Judge's conclusion that he failed to properly exhaust his administrative remedies in accordance with the requirements of the Prison Litigation Reform Act. Moreover, it does not appear that the prison grievance system was unavailable to him. Accordingly, Plaintiff's objection is overruled.

2

Regarding his FTCA claim, Plaintiff asserts that this Court has jurisdiction over his claim pursuant to the Commerce Clause. Upon de novo review of the record and the applicable law, the Court agrees with the recommendation of the Magistrate Judge that Plaintiff failed to exhaust his administrative remedies prior to filing this action. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that the FTCA exhaustion requirement is jurisdictional, the subsequent denial of an administrative claim cannot cure a prematurely filed action invoking the FTCA); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies *before* filing a complaint in federal district court.") (emphasis added).

With respect to his state law claim of medical malpractice, Plaintiff appears to allege that he would have filed the proper documentation if counsel had been appointed but he does not disagree with the recommendation of the Magistrate Judge. Upon review, the Court agrees with the recommendation of the Magistrate Judge and finds that this claim should be dismissed because Plaintiff failed to file an expert affidavit. *See Prozer v. United States*, C/A No. 9:14-1249-TMC, 2014 WL 6686697, at *2 (D.S.C. Nov. 25, 2014) (holding that the failure to file an expert affidavit subjects the complain to dismissal, and that such a requirement is part of the substantive law of medical malpractice in South Carolina). Further, for the reasons given by the Magistrate Judge in her order dated August 10, 2018, Plaintiff is not entitled to counsel in this action. *See* ECF No. 12 at 2.

Plaintiff generally argues that the Magistrate Judge failed to correctly apply the relevant standards of review, that his medical records are sufficient to create a genuine

issue of material facts, and that the Court should have appointed him an attorney. Upon review, the Court overrules his objections.

## **CONCLUSION**

Therefore, based on the foregoing, the Court adopts the recommendation of the Magistrate Judge. Defendants' Motion to Dismiss [39] is **GRANTED** and Plaintiff's *Bivens* and FTCA claims are dismissed without prejudice. Defendants' Motion for Summary Judgment [46] is **GRANTED** with respect to Plaintiff's state law claim.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 24, 2019
Spartanburg, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.